**UNITED STATES of America**

**v.**

**Terrence J. NORTON and Thomas A. Mullin, Defendants.**

**Crim. A. No. 370–66.**

United States District Court
D. New Jersey.

Aug. 31, 1967.

Ornamental Iron Workers, American Federation of Labor.

The defendants, Terrence J. Norton and Thomas A. Mullin, were jointly indicted on two counts. The first count charges that the defendants wilfully and knowingly did combine, conspire, confederate and agree together and with each other, and with divers other persons whose names are to the Grand Jury unknown, to commit an offense against the United States, that is, to unlawfully and wilfully embezzle money from a strike fund of Local 350, in violation of 29 U.S. C. § 501(c) and 18 U.S.C. § 371. The second count charges the defendants did unlawfully and wilfully embezzle, abstract, and convert to their own use the sum of $2,500. of the money and funds of such organization, in violation of 29 U.S.C. § 501(c).

The defendant Norton was further indicted on three additional counts. He is charged with a violation of 29 U.S.C. § 439 in that he did wilfully and knowingly make false statements and representations of a material fact in a report filed pursuant to 29 U.S.C. § 431(b). This charge concerns the omission from a report, purporting to show the financial condition and operation of the Union, of the organization and maintenance of a Union Strike Fund. Defendant Norton is also charged with a violation of 29 U.S. C., § 439(c) in that he wilfully and knowingly did make, and wilfully and knowingly caused to be made a false entry in the record required to be kept by Local 350 pursuant to 29 U.S.C. § 436 in that he did enter and record the notation, "Expenses," which entry was false and fictitious as Terrence J. Norton then knew. Norton is also individually charged in Count IV with embezzling the sum of $794. of the money and funds of the Union, in violation of 29 U.S.C. § 501 (c).

David M. Satz, Jr., U. S. Atty., by Donald G. Targan, Asst. U. S. Atty., for the United States.

Thomas E. Durkin, Jr., by John J. Flynn, Newark, N. J., for defendants Terrence J. Norton and Thomas A. Mullin.

## OPINION

MADDEN, Chief Judge:

This is a motion to dismiss the indictment of the Federal Grand Jury against two officers of Local 350, International Association of Bridge, Structural and

This motion is based on the applicability of 29 U.S.C. § 521 and 15 U.S.C. § 49. It is the contention of the defendants that prior to the return of this indictment they testified before the Grand Jury as to matters which are directly related to the

charges in the indictment, and that under 15 U.S.C. § 49 and 29 U.S.C. § 521 immunity attaches immediately upon appearance and testimony before the Grand Jury, although neither invoked the privilege against self-incrimination.

Under 15 U.S.C. § 49 (29 U.S.C. § 521 applies by reference to 15 U.S.C. § 49) no person is excused from attending and testifying or from producing evidence before the Secretary of Labor on the ground that the testimony or evidence may tend to criminate him. However, when one is subpoenaed before the Secretary of Labor and testifies before him, he is granted automatic immunity from prosecution. It is the position of the defendants that their subpoenas were issued by the Department of Justice as agent for the Department of Labor in accordance with a Memorandum of Understanding dated September 16, 1960 (between the Department of Labor and the Department of Justice).

The defendants cite as authority for dismissal of the pending Indictment the recent case of United States v. Weber and Fisher, 255 F.Supp. 40, a decision by Judge Coolahan of this Court. There, Judge Coolahan found as a matter of basic fact that the United States Attorney acted as agent of the Department of Labor, or, at least in conjunction with it, when he subpoenaed before the Grand Jury one Ray Fisher. Judge Coolahan said (p. 46):

"In summary, this Court is of the opinion that the indictment found against Ray S. Fisher must be dismissed on the grounds that immunity attached to his appearance and testimony before the Grand Jury pursuant to a subpoena issued nominally by the Department of Justice but actually in accord with the Memorandum of Understanding entered into between that Department and the Secretary of Labor. Furthermore, the oral testimony has convinced this Court that the matters under investigation at the time of Fisher's interrogation were violations of the L.M.R.D.A. and explicitly within the statutory framework. The facts of the matter indicate that this was in reality the conduct of a Labor investigation and nothing further so as to insulate the Government against the application of the appropriate Immunity Statute."

We distinguish United States v. Weber and Fisher from the present matter.

Weber and Fisher had first appeared before the Select Committee for the 85th Congress, Second Session, who were investigating improper activities in the Labor Management field. Thereafter, during the first three months of 1961 investigators of the Bureau of Labor Management Reports explored the affairs of Weber and Fisher. All reports and results of the investigation by the Labor Department investigators were sent to the Area Director of the Department of Labor. In December of 1961, in response to a subpoena, Fisher appeared and gave testimony before the Grand Jury. The only other witnesses were the investigators of the Labor Department who had conducted the preliminary investigation. The Grand Jury handed down an indictment charging Labor Law violations. Thus Judge Coolahan found:

"* * * The facts of the matter indicate that this was in reality the conduct of a Labor investigation and nothing further so as to insulate the Government against the application of the appropriate Immunity Statute."

Affidavits in the present matter reveal the entire investigation was at the direction of the United States Attorney and not at the direction of the Department of Labor. Unlike Weber, the present matter does not involve violations of the Labor Management Reporting and Disclosure Act. The Grand Jury investigation here involved a number of diverse Federal violations including extortion, embezzlement, perjury and obstruction of justice.[1]

---

1. The Grand Jury also returned an indictment against an Iron Worker, Thomas F. Kepner, for Perjury and Obstruction of Justice in violation of Title 18 U.S.C. §§ 1503 and 1621.

There were over one hundred witnesses who testified between December 1965 and the return date of the indictment in September 1966, among them was one agent of the Department of Labor who testified for approximately fifteen minutes. The great majority of these witnesses were members of Local 350, or worked out of Local 350. The determining force causing the investigation and the calling of each and every witness was entirely the decision of the United States Attorney.

In its totality we find the Grand Jury investigation in the present matter was a Justice Department investigation, as distinguished from *Weber* where Judge Coolahan found the facts indicated a labor investigation.

For the foregoing reasons the immunity provisions of 15 U.S.C. § 49 and 29 U.S.C. § 521, pertaining to proceedings before the Secretary of Labor, are inapplicable.

The defendants' motion for Bill of Particulars is set down for argument on September 15, 1967.

Counsel will prepare an appropriate order.